IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reverend Doctor Samuel T. Whatley; Samuel T. Whatley, II, | ) ) ) |
| Plaintiffs, | ) ) **Order Adopting Report And Recommendation** |
| v. | ) ) ) |
| City of North Charleston; North Charleston Police Department; North Charleston Code Enforcement; City of North Charleston Municipal Court, | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court for review of the Report and Recommendation (Report) of Magistrate Judge Paige J. Gossett, made pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. [ECF No. 16.] For the reasons below, the court adopts the Report.

**BACKGROUND AND PROCEDURAL HISTORY**

The Reverend Dr. Samuel T. Whatley and Samuel T. Whatley, II (Plaintiffs), proceeding pro se and in forma pauperis, filed their Complaint against the City of North Charleston (city) and various city offices February 6, 2023, pursuant to the Federal Freedom of Information Act (FOIA), 5 U.S.C. §552. [ECF No. 1.] Plaintiffs seek the release of information related to another federal lawsuit, Civil Action No. 2:22-4419-DCN-MHC. *Id.*

In accordance with 28 U.S.C. § 1915, the magistrate judge reviewed Plaintiffs' Complaint to determine whether it set forth a cognizable claim. Because 28 U.S.C. § 1915 allows an indigent litigant to commence an action without prepaying the administrative costs of filing a lawsuit, it is a privilege that can be subject to abuse. To prevent against those abuses, the statute allows a district

court to dismiss a case upon finding that the action fails to state a claim or that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim based on a meritless legal theory may be dismissed sua sponte. *See Neitzke v. Williams*, 490 U.S. 319, 321, (1989). The magistrate judge assumed all of Plaintiff's allegations were true, applied the above standard, and concluded that this case should be summarily dismissed because Plaintiffs have not established this court has subject matter jurisdiction over their claim. [ECF No. 16 at 2.]

The magistrate judge issued her Report on March 9, 2023. [ECF No. 16.] Attached to the Report was a Notice of Right to File Objections, which advised the parties they may file "specific written objections to this Report" within fourteen days of the date of service. *Id.* at 6. Plaintiffs timely filed an objection. [ECF No. 20.] The matter is now ripe for ruling.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at * 3 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 2023 WL 3028346, at *3 (4th Cir. 2023). Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). This does not mean, however, that the court can ignore a pro se party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Services*, 901 F.2d 387, 390-91 (4th Cir. 1990). Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998). Courts must inquire, sua sponte, whether a valid basis for jurisdiction exists and dismiss an action if no such ground appears. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that is lacks subject matter jurisdiction, the court must dismiss the action.").

In her Report, the magistrate judge reviewed the Complaint for the two most common bases for federal jurisdiction: (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332. [ECF No. 16 at 3.] The magistrate judge found federal question jurisdiction does not apply because FOIA does not apply to municipalities incorporated under state law. *Id.* She also found diversity jurisdiction does not exist because all parties are citizens of South

Carolina. *Id.* at 4. Because Plaintiffs' Complaint falls outside these forms of jurisdiction, the magistrate judge recommended dismissing the case. *Id.* at 5.

Plaintiffs object to the magistrate judge's finding that this court lacks jurisdiction on two grounds. First, Plaintiffs argue FOIA "includes no immunities according to *Chisolm v. Georgia*," 2 U.S. 419 (1793), and the claim that FOIA only applies to federal agencies and not other governmental bodies is "inherently false." [ECF No. 20 at 1.] Additionally, Plaintiffs argue FOIA should apply here because "the request itself was requesting information relating to *federal grant monies….*" *Id*. (emphasis in original). In support of this, Plaintiffs submit screenshots from the city's website showing it receives federal grant money. *Id.* at 2.

Plaintiffs cite to *Chisolm v. Georgia*, 2 U.S. 419 (1793), to support finding this court has jurisdiction over the city under FOIA. In *Chisolm*, our Supreme Court established that federal courts have jurisdiction to hear controversies between states and citizens of another state under Article III, section 2 of the United States Constitution. *Id.* at 420. Plaintiffs appear to argue that because FOIA does not give immunity to the states, this court has jurisdiction to hear their claim against the city. Yet FOIA extends only to requests for information made to an "agency," defined as "each authority of the Government of the United States…." 5 U.S.C. § 551(1). It does not apply to states or their municipalities. *See Bethea v. Chesterfield Marlboro EOC Counsel*, C/A No. 4:12-3577-RBH, 2013 WL 5707320, at *5 (D.S.C. Oct. 18, 2013) ("The federal FOIA is applicable to agencies or departments of the United States, and it is not applicable to agencies or departments of a state."). While Plaintiffs correctly identify *Chisolm* as an important case establishing the court's jurisdiction over sovereign states, it does not extend jurisdiction under a statute that is explicitly limited to federal agencies. *See* 5 U.S.C. §§ 551(1), 552(a). *Chisolm* does not grant this court subject matter jurisdiction in this instance.

Plaintiffs also argue this court has subject matter jurisdiction over this case because their request relates to federal grant monies. But they offer no basis for claiming that the use of federal grant monies by a state obligates it to provide information requested under FOIA. The statute does not require states receiving federal funds to make their information available. Although Plaintiffs submit evidence the city receives funds from federal agencies, that does not establish this court has jurisdiction under FOIA.

Along with these grounds for objection, Plaintiffs cite to part of the South Carolina constitution which states "All political power is vested in and derived from the people only, therefore, they have the right at all times to modify their form of government." S.C. Const. art. I, § 1. Plaintiffs do not explain how this relates to the prior objections or supports finding subject matter jurisdiction over their claim. Without further explanation, the court finds Plaintiffs fail to show how this section of the state constitution vests this court with jurisdiction over the city pursuant to FOIA.

## CONCLUSION

The court adopts the Report, ECF No. 16, in its entirety. Plaintiffs have failed to establish FOIA, 5 U.S.C. § 552, extends to requests for information made to states and their municipalities. This matter is **DISMISSED** without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

May 12, 2023
Columbia, South Carolina

s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge